**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1597-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WILLIAM J. THESING,

     Defendant-Appellant.

_____

Submitted January 19, 2021 – Decided February 8, 2021

Before Judges Hoffman and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Municipal Appeal No. 18-19.

Kevin Leckerman, attorney for appellant.

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Nicole L. Campellone, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the Law Division order denying his petition for post-conviction relief (PCR) from a conviction for driving while under the influence (DWI), N.J.S.A. 39:4-50, entered after defendant pled guilty in the Hamilton Township municipal court in 2010. The order was issued following a de novo review of the municipal court order denying defendant's PCR petition. We affirm.

We derive the following facts from the record. On March 16, 2010, defendant appeared before the Hamilton Township municipal court and pled guilty to one count of DWI. Defendant was represented by an attorney at the hearing. Defendant's attorney waived the reading of the complaint and advised the court "we're here to retract the previously entered not guilty plea[] and enter a guilty plea to . . . [DWI]."

Defendant then pled guilty to DWI, specifically admitting he was "driving under the influence of alcoholic beverage on the date of October 10th[, 2009] on the [Atlantic City] [E]xpressway in Hamilton Township." Defendant's attorney did not object to the court admitting the alcohol influence report in evidence. The report showed a truncated blood alcohol reading of .20 and a mean reading of .2110. Defendant confirmed his understanding that these readings were "more than sufficient" to form the basis for a conviction and that

A-1597-19

was why he was pleading guilty. The judge then asked defendant if his plea was "free and voluntary," and he responded, "Yes, it is." The judge then imposed the minimum fines and penalties for a first offense,[1] including a seven-month driver's license revocation.

On June 10, 2019, defendant filed the PCR petition under review, alleging the Hamilton Township municipal court did not "provide a proper colloquy" concerning the constitutional rights he was waiving by pleading guilty to DWI. Specifically, defendant argued the municipal court failed to have defendant confirm that, "by pleading guilty[,] he would be waiving his right to trial, his right to remain silent, and his right to confront witnesses"; because of this failure, his plea was not knowing, intelligent, and voluntary.

On August 26, 2019, the municipal court denied PCR, finding that defendant provided an adequate factual basis and entered his plea knowingly and voluntarily when he pled guilty in 2010. Thereafter, defendant appealed the denial to the Law Division.

On November 20, 2019, following oral argument and a de novo review of the record, the Law Division judge denied defendant's petition, concluding that

---

[1] Defendant had a prior DWI conviction in 1990. Because his second offense occurred more than ten years after his first offense, the judge correctly treated the 2010 conviction as a first offense. See N.J.S.A. 39:4-50(a)(3).

defendant placed an adequate factual basis on the record and that his plea was knowing and voluntary. The judge found that defendant was "fully aware of the various rights available to him," noting that he was represented by counsel, this was not his first court proceeding, and he had a prior DWI in 1990. The judge explained that he decided the case on the merits, rather than addressing whether defendant's claim was time barred, because defendant contended that an improper colloquy regarding the waiver of his rights resulted in an illegal sentence.

This appeal followed, with defendant presenting the following argument:

> DEFENDANT'S RIGHT TO DUE PROCESS WAS VIOLATED WHEN THE MUNICIPAL COURT FAILED TO PROVIDE A PROPER COLLOQUY CONCERNING THE CONSTITUTIONAL RIGHTS THAT APPELLANT WOULD BE WAIVING PRIOR TO PLEADING GUILTY, THUS, THE PLEA WAS NOT KNOWING.

After a careful review of the record and the applicable principles of law, we reject defendant's arguments and affirm; however, we affirm the denial of PCR for different reasons than expressed by the trial court. See State v. Heisler, 422 N.J. Super. 399, 416 (App. Div. 2011) (stating an appellate court is "free to affirm the trial court's decision on grounds different from those relied upon by the trial court"). Specifically, we conclude that defendant's petitions is time-

A-1597-19

barred because it was filed more than five years from the date of his DWI conviction in 2010.

Rule 7:10-2 addresses PCR in the municipal court. Rule 7:10-2(b) provides, in relevant part:

> (1) A petition to correct an illegal sentence may be filed at any time.
>
> (2) A petition based on any other grounds shall not be accepted for filing more than five years after entry of the judgment of conviction or imposition of the sentence sought to be attacked, unless it alleges facts showing that the delay in filing was due to defendant's excusable neglect.

"An illegal sentence is one that 'exceeds the maximum penalty provided in the Code for a particular offense' or a sentence 'not imposed in accordance with law.'" State v. Murray, 162 N.J. 240, 247 (2000). In this case, defendant's sentence was within the permissible range for DWI. See N.J.S.A. 39:4-50(a). In fact, the municipal court imposed the minimum sentence. Accordingly, the sentenced imposed by the municipal court, in 2010, was in accordance with law and was not an illegal sentence.

Nor can defendant avail himself of Rule 7:10-2(g), which permits a PCR petition seeking "relief from an enhanced custodial term based on a prior [DWI] conviction" to "be filed at any time." That Rule was specifically adopted by the

5

Court in State v. Patel, 239 N.J. 424, 447 (2019), and is limited to PCR petitions seeking relief under State v. Laurick, 120 N.J. 1 (1990). In Laurick, the Court "provided a limited form of post-conviction relief to those defendants who had not waived their right to counsel and who were not informed by the court of their right to retain counsel or, if indigent, of their right to assigned counsel without cost." Patel, 239 N.J. at 438 (citing Laurick, 120 N.J. at 4, 16). Here, however, defendant was represented by counsel at the time of his guilty plea. "[A] defendant who seeks traditional post-conviction relief to vacate a DWI conviction – as opposed to Laurick relief – must abide by the general principles governing post-conviction relief and the five-year time bar in the absence of excusable neglect." Patel, 239 N.J. 448.

Defendant cites no authority to support his contention that an improper plea colloquy resulted in an illegal sentence. Because there was no basis for defendant to assert an illegal sentence argument, and because defendant did not assert his late filing was due to excusable neglect, his petition should have been dismissed as untimely, pursuant to Rule 7:10-2(b)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-1597-19